IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TONGZHONG JU and YANXIA LI,  )<br>  )<br>         Plaintiffs,  )<br>  )<br>    v.  )<br>  )<br>  )<br>  )<br>THE UNITED STATES,  )<br>  )<br>         Defendant.  )<br>  )<br>_____)| No. 1:22-cv-1815 T<br>(Senior Judge Loren A. Smith) |

**PLAINTIFFS' REPLY TO DEFENDANT'S
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT AND
RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

In its Memorandum of Law in Support of Defendant's Cross-Motion for Partial Summary Judgment and Response to Plaintiff's Motion for Summary Judgment ("Def. Resp."), DE 12, the government argues that, (i) even if plaintiff Tongzhong Ju held the Selexys stock for the required five-year period, the Court should not grant the motion of plaintiffs Tongzhong Ju and Yanxia Li (the "Taxpayers") for summary judgment under IRC § 1202 until the government can discover facts regarding Selexys' status as a "qualified small business;" (ii) there is insufficient proof that the $33,500 that Tongzhong Ju received from the University of Oklahoma was "[a] transfer … of property consisting of substantial rights to a patent" under IRC § 1235(a); and (iii) the Taxpayers are entitled to $100 less in additional itemized deductions than they claim in their motion for summary judgment. The Taxpayers must briefly reply.

1. Although the government concedes that, according to the Settlement Agreement and Release between Tongzhong Ju and the University of Oklahoma, Tongzhong Ju held at least

14,017 shares of Selexys stock for the five-year period required for IRC § 1202 treatment,[1] it is unwilling to agree that all the Selexys shares should be given that treatment because it is unsure at the present time whether Selexys was a "qualified small business" under IRC § 1202. Def. Resp. DE 12 at 15-18. Specifically, the government is not persuaded by the Taxpayers' documentary evidence that Selexys never had anything close to $50 million in assets. *Id*. The government argues that, to the extent it bears the burden under IRC § 7491 to overcome that evidence, it cannot do so without conducting discovery about Selexys' assets. *Id*. at 19-10.

The Taxpayers have no objection to such discovery by the government. Accordingly, the Taxpayers submit that the proper course for the Court is to defer consideration of this part of their motion for summary judgment pending the results of that discovery.

2. The government argues that the Settlement Agreement and Release between the University of Oklahoma and Tongzhong Ju is insufficient proof that the University's payment of $33,500 to him was "[a] transfer … of property consisting of substantial rights to a parent" within the meaning of IRC § 1235(a). Def. Resp. DE 12 at 20. The government speculates that the payment may have been "for something else." *Id*.

However, the attached Form 1099 issued by the University and accompanying correspondence show that the $33,500 payment was for "Royalties," which the University paid to Tongzhong Ju in exchange for his surrender to the University of substantial rights to his patents.[2] This is proof positive that the Taxpayers were entitled to have the $33,500 payment

---

[1] *See* Exhibit L to Declaration of Tongzhong Ju, DE 9-11. The letter dated October 15, 2015, from the University of Oklahoma to Selexys, attached as Exhibit 1, confirms this fact.

[2] Annexed as Exhibits 2, 3, and 4.

treated as a transfer under IRC § 1235(a) and not as ordinary income. Therefore, the Court should grant the Taxpayers summary judgment on this claim.

3. The government acknowledges that the Taxpayers are entitled to $25,175 in additional itemized deductions, which is $100 less than Taxpayers claimed in their motion for summary judgment. Def. Resp. DE 12 at 22. The Taxpayers agree. Accordingly, the Court should grant the Taxpayers summary judgment on this claim.

## CONCLUSION

For these reasons and the reasons given by the Taxpayers in their motion for summary judgment, the Court should defer consideration of the Taxpayers' motion for IRC § 1202 treatment of the sale of the Selexys stock pending discovery by the government, but it should grant the Taxpayers' motion for summary judgment on their claim for IRC § 1235(a) treatment of the payment of $33,500 to Tongzhong Ju and for additional itemized deductions of $25,175.

Respectfully submitted,

/s/ *Neil H. Koslowe*
Neil H. Koslowe
Potomac Law Group, PLLC
1717 Pennsylvania Avenue, N.W., Suite 1025
Washington, DC 20006
Telephone: (202) 320-8907
E-mail: nkoslowe@potomaclaw.com

*Counsel for Plaintiffs*

Dated: July 25, 2023